UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | |
|---|---|
| **MICHAEL & EVA DENOMA, as guardians for and on behalf of S.D.,**  *Plaintiffs,*  v.  **EASTERN STATE HOSPITAL, THE UNIVERSITY OF KENTUCKY, a Kentucky Corporation, CLARK LESTER, M.D., and JINNY R. WOODCOCK, APRN**  *Defendants.* | Case No. 5:22-cv-00289-KKC  **OPINION AND ORDER** |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This matter is before the Court on a motion to dismiss filed by defendants Eastern State Hospital, Clark Lester, and Jinny Woodcock. (DE 7.) Plaintiffs, Michael and Eva Denoma ("the Denomas"), as guardians for and on behalf of S.D., bring claims for alleged violations of the Emergency Medical Treatment and Active Labor Act ("EMTALA") and § 1983 claims for deliberate indifference. Defendants argue that the claims in Plaintiffs' complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). For the reasons stated herein, the motion to dismiss (DE 7) is GRANTED.

I. BACKGROUND

S.D. is a person diagnosed with bipolar disorder with psychotic features. Michael and Eva Denoma are the guardians of S.D. In the first half of 2022, S.D. began missing mental health

1

appointments and stopped taking Abilify, an anti-psychotic drug that worked to stabilize his condition. While off his medicine, an incident occurred that caused a mental health court judge to order S.D. to be involuntarily committed to Eastern State Hospital. Eastern State is a mental hospital owned by the Kentucky Cabinet for Health and Family Services Department for Behavior Health and Intellectual Disabilities and managed and operated by the University of Kentucky.

Upon S.D.'s intake, the Denomas informed Eastern State of their status as S.D.'s guardians and requested that the hospital administer Abilify to him. Despite Eastern State's efforts to comply with the request, S.D. refused to take the drug. Instead, he agreed to a treatment plan that included taking Lithium. With this treatment plan in place, Eastern State discharged S.D on June 17, 2022. Less than twenty-four hours after being discharged, S.D. was tazed by police officers and arrested for three felony offenses. The police took S.D. to St. Elizabeth Hospital before a judge once again ordered S.D. to be committed to Eastern State Hospital.

The Denomas brought this action claiming the June 17th release of S.D. was the product of deliberate indifference and in violation of EMTALA. Defendants filed a motion to dismiss on four grounds: (1) Eastern State is entitled to sovereign immunity, (2) EMTALA is inapplicable to Eastern State, (3) EMTALA does not provide a private cause of action against individual defendants such as Dr. Clark Lester and Nurse Practitioner Jinny Woodcock, and (4) Plaintiffs' § 1983 claim is not pleaded with the required specificity and does not plausibly allege a constitutional violation. The Court will analyze these grounds for dismissal in turn.

## II. ANALYSIS

Sovereign immunity is "jurisdictional in nature." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). As a result, "a motion to dismiss on the basis that plaintiff's claim is barred by sovereign immunity is a motion to dismiss for lack of subject matter jurisdiction" and, therefore, properly

brought under Rule 12(b)(1). *Pyramid Mining, Inc. v. The Hoke Co.*, No. CIV.A.95-CV-0010-M, 1997 WL 1037975, at *1 (W.D. Ky. Oct. 6, 1997). A party can challenge subject matter jurisdiction under Rule 12(b)(1) in two ways: either through a facial attack or a factual attack. *Gentek Bldg. Prod., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007). Generally, "[t]he defense of sovereign immunity raises a facial challenge to the Court's subject-matter jurisdiction." *Kentucky Mist Moonshine, Inc. v. Univ. of Kentucky*, 192 F. Supp. 3d 772, 780 (E.D. Ky. 2016). While there may be situations where sovereign immunity defense is considered a factual attack, when, as here, there is no "need to examine the truthfulness of plaintiff's allegations in order to determine" whether immunity applies, the challenge is a facial attack. *Cedar Lane Farms Corp. v. Besancon*, 2017 WL 1155564, at *2 (N.D. Ohio Mar. 28, 2017). The burden is on the plaintiff to prove that jurisdiction exists. *Pyramid Mining, Inc.*, 1997 WL 1037975, at * 1.

A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the plaintiff's complaint. In reviewing a Rule 12(b)(6) motion, the Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all inferences in favor of the plaintiff." *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). The Court, however, "need not accept as true legal conclusions or unwarranted factual inferences." *Id.* (quoting *Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000)). The Supreme Court explained that in order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); see also *Courier v. Alcoa Wheel & Forged Products*, 577 F.3d 625, 629 (6th Cir. 2009). While a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations, a formulaic recitation of the elements of a cause of action will not do. *Twombly*, 550 U.S. at 555.

### A. Eastern State is entitled to sovereign immunity.

Defendants assert that Eastern State is entitled to sovereign immunity and therefore all claims against it are barred. Determining whether an entity is entitled to sovereign immunity requires a two-prong inquiry. *Comair, Inc. v. Lexington-Fayette Urban County Airport Corp.*, 295 S.W.3d 91, 99 (Ky. 2009). The first prong involves looking at the immunity status of the entity's parent. *Id.* The second and more important prong requires the Court to analyze whether the entity exercises a "function integral to state government." *Id.*

The first prong suggests Eastern State is entitled to sovereign immunity. Its parent entity is the Kentucky Cabinet for Health and Family Services Department for Behavior Health and Intellectual Disabilities, an agency of the Commonwealth of Kentucky. (DE 7, p. 8.) Further, Eastern State is managed and operated by the University of Kentucky, which has been held to be an arm of the State. *Withers v. Univ. of Kentucky*, 939 S.W.2d 340, 344 (Ky. 1997). Accordingly, its parent is immune from suit and the first prong is satisfied.

Eastern State also satisfies the second prong by performing a function integral to state government. Defendants argue that by providing University of Kentucky medical students with access to enough patients in a variety of settings, Eastern State aids the University of Kentucky in satisfying the mandate of KRS 164.125(1)(c), which requires the University of Kentucky to provide doctoral and post-doctoral programs for medicine. In *Withers v. University of Kentucky*, the Supreme Court of Kentucky extended sovereign immunity to the University of Kentucky Medical Center because its operation was essential to the teaching and research function of the medical school. 939 S.W.2d at 343. The court found that the hospital served to fulfill the medical school's accreditation standards and was essential to the mandate of KRS 164.125(1)(c). *Id.* Similarly, UK's agency relationship with Eastern State provides medical students with exposure

to adult psychiatry, which contributes to "insur[ing] proper training in all areas of medicine" required to fulfill KRS 164.125(1)(c). *Withers*, 939 S.W.2d at 343. As such, Eastern State is an integral part of state government. Accordingly, the second prong is satisfied.

Next, the Court must determine if any sovereign immunity exceptions apply. The first exception applies where the State waives sovereign immunity. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99 (1984). Here, Plaintiffs do not claim that the State has waived immunity under EMTALA or 42 U.S.C. § 1983 claims. The second exception applies where Congress has unequivocally expressed its intent to abrogate states' sovereign immunity. *Id.* This exception is also inapplicable as neither EMTALA nor § 1983 express congressional intent to abrogate sovereign immunity. *Drew v. Univ. of Tennessee Reg'l Med. Ctr. Hosp.*, 211 F.3d 1268, 2000 WL 572064, at *3 (6th Cir. 2000) ("The EMTALA, however, contains no clear expression of intent to abrogate the states' immunity."); *Ladd v. Marchbanks*, 971 F.3d 574, 578 (6th Cir. 2020), cert. denied, 141 S. Ct. 1390 (2021) (citing *Quern v. Jordan*, 440 U.S. 332, 342 (1979)) ("Notably, 42 U.S.C. § 1983 does not abrogate the States' sovereign immunity."). The last exception is the *Ex Parte Young* doctrine. Under this doctrine, federal courts can enjoin state officers in their official capacities from prospectively violating a federal statute or the U.S. Constitution. *See Mich. Corr. Org. v. Mich. Dep't of Corr.*, 774 F.3d 895, 904 (6th Cir. 2014) (citing *Ex parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908)). In this case, Plaintiffs do not seek injunctive relief, thus making the *Ex Parte Young* doctrine inapplicable.

Eastern State is entitled to sovereign immunity since its parent entity is immune and it performs an integral state function. No exceptions to sovereign immunity apply in this case. Accordingly, all Plaintiffs' claims against Eastern State are dismissed.

**B. EMTALA does not create a cause of action against individual defendants.**

Next, Defendants seek to dismiss the EMTALA claims against the individual defendants. The Sixth Circuit has held that EMTALA does not authorize a private right of action against individuals. *Moses v. Providence Hosp. & Med. Centers, Inc.*, 561 F.3d 573, 587 (6th Cir. 2009). Accordingly, the Court must dismiss the EMTALA claims against individual defendants Dr. Lester and Jinny Woodcock.

### C. § 1983 claims against the individual defendants are not pleaded with particularity.

The last remaining claim is the § 1983 claim against the individual defendants. Plaintiffs assert that Dr. Lester and Jinny Woodcock violated S.D.'s Fourteenth Amendment constitutional rights by acting deliberately indifferent to his psychiatric emergency medical needs. Defendants argue that Plaintiffs' complaint must be dismissed because it does not plead with particularity the actions of the individual defendants.

Plaintiffs bringing claims against government officials of constitutional violations "must allege, with particularity, facts that demonstrate what *each* defendant did to violate the asserted constitutional right." *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008). Violations "cannot be found upon conclusory, vague or general allegations." *Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002). Here, Plaintiffs' complaint does not contain any factual allegations regarding Dr. Lester or Jinny Woodcock. Rather, the allegations generally refer to the actions of Eastern State officials. Because of this, Plaintiffs have failed to plead facts that demonstrate that Dr. Lester and Jinny Woodcock violated S.D.'s constitutional rights. Despite this insufficiency, Plaintiffs have not moved to amend their complaint. Accordingly, the § 1983 claims brought against the individual defendants must be dismissed.

For these reasons, the COURT hereby **ORDERS** as follows:

1) The Defendants' motion to dismiss (DE 7) is **GRANTED**.

2) All claims filed by plaintiffs against the defendant Eastern State and the EMTALA claim against the individual defendants are **DISMISSED WITH PREJUDICE**.

3) The § 1983 claim against the individual defendants is **DISMISSED** without prejudice.

This 6th day of March, 2024.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY